IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERONIMO F. ROSADO, Jr., : <br> *Plaintiff*, : <br> : <br> v. :     CIVIL ACTION NO. 19-CV-2426 <br> : <br> CITY OF COATESVILLE PA, *et al.*, : <br> *Defendants*. : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                      **JUNE 11, 2019**

*Pro se* Plaintiff Geronimo F. Rosado, Jr. filed a civil rights Complaint against the City of Coatesville, Coatesville Police Corporal B. Boyle, "Ms. J," and two unidentified individuals pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis*. Rosado will be permitted to proceed *in forma pauperis*. Certain claims in the Complaint will be dismissed with prejudice and other claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I

Rosado alleges that on April 24, 2019, Boyle towed his vehicle on the ground that it was abandoned. (ECF No. 2 at 5.)[1] He also claims that on the same date, DUI/DWI charges against him arising from an arrest on July 21, 2017 were dismissed. (*Id.*) The vehicle was towed to Ken's Towing in Coatesville by Defendants Dawn Doe and Jane/John Doe, where it is being held. (*Id.*) Rosado contends that Boyle violated city ordinances and state statutes by failing to follow the proper procedures and issue a

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

citation before towing his vehicle. (*Id.*) He also contends that Boyle had the vehicle towed in retaliation for the dismissal of the DUI/DWI charges. (*Id.* at 7.)

Rosado alleges that the vehicle was properly registered and insured and legally parked at the time it was towed. (*Id.*) Apparently, the car was parked by his girlfriend on public property near the property of Defendant "Ms. J." (*Id.* at 14, 16.) Rosado contends that he attempted to contact Boyle on several occasions by phone and in person at the police station, but Boyle would not communicate with him. (*Id.* at 7-9.) On May 14, 2019, after contacting the district attorney's office, Rosado was finally able to speak with Boyle, who told him he would call Ken's Towing to resolve the problem. By then, however, the vehicle had accumulated $1,200 in storage fees. (*Id.* at 10.) Boyle told Rosado he could do him a "favor" and put him on a payment plan. (*Id.*) After Rosado complained about the legality of Boyle's actions, Boyle threatened to issue a $500 citation for illegally parking an abandoned vehicle. (*Id.*) Rosado asserts that he attempted to file a petition in the Chester County Court of Common Pleas to get his car back, but the court clerk would not accept his filing because there was no citation ever filed. (*Id.* at 12.) He also sought the assistance of the District Attorney who told him that office does not deal with police towing and abandoned vehicles. (*Id.*) Rosado contacted Ken's Towing to attempt to get his car back. The owners of Ken's Towing, identified as Dawn Doe and Jane/John Doe, refused to release the vehicle until Rosado paid the full amount of the storage fee. (*Id.* at 12-13.)

Rosado contacted Ms. J on May 17, 2019. He learned that two vehicles were towed from Ms. J's property on April 24 after she had complained to the Coatesville Police Department about the vehicles. (*Id.* at 14.) She told Rosado that cars had been

parked on her property for a year. (*Id.*) He contends that Ms. J filed a false police report that his car was on her property when it was, actually, parked on public property. (*Id.* at 17.) He also asserts that, had Ms. J never contacted the police, Boyle would not have known about the vehicle. (*Id.*)

Rosado alleges Boyle and Ms. J violated his rights under the due process clause of the Fourteenth Amendment. (*Id.* at 27). He asserts that his car was illegally seized by Boyle in violation of the Fourth and Fifth Amendments, and Boyle violated his rights under the Sixth and Seventh Amendments because he never issued a citation that Rosado could contest in court. (*Id.* at 20-21). He also appears to allege that Boyle violated the Eighth, Ninth and Tenth Amendments. (*Id.* at 21). Rosado asserts state law claims against the Doe Defendants for fraud, forgery, fraudulent practices, and theft, as well as a federal mail fraud claim. (*Id.* at 18-24, 27.) He requests declaratory and injunctive relief against Boyle and the Doe Defendants for the return of his vehicle, (*id.* at 26), money damages against Boyle for constitutional violations (*id.* at 29), money damages against the Does on his state law claims (*id.* at 30), and money damages against Ms. J for her action in contacting the police (*id.* at 31).

II

The Court will grant Rosado leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."

3

*Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id*. As Rosado is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

III

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

4

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

The constitutional claims against Ms. J, which are based upon her contacting the authorities to report vehicles parked on her property, are not plausible because she is not a "state actor." Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

"Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian

5

complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)); *see also Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Rosado's allegations that Ms. J contacted the police are insufficient to allege a plausible claim that she engaged in joint activity with a state actor such that she may be treated as one under 42 U.S.C. § 1983. *See Farrar v. McNesby*, 639 F. App'x 903, 906 (3d Cir. 2016) (holding that private individuals may only "be liable under § 1983 if they have conspired with or engaged in joint activity with state actors." (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). This claim is dismissed with prejudice.

B

The federal mail fraud claim against the Doe Defendants is implausible and is also dismissed with prejudice because there is no private right of action under the statute. *See Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he

lacked a private right of action to do so.") (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir.1999) (collecting cases)).

C

Although Rosado named the City of Coatesville as a defendant, he has made no substantive allegations against it. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A custom may serve as the proximate cause of an injury if the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Rosado's claim against the City of Coatesville fails because he does not allege that he was injured due to a municipal custom or policy. The Court cannot, however, at

this stage of the litigation say that Rosado is incapable of properly alleging municipal liability. Accordingly, the claims against the City of Coatesville will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and Rosado will be granted leave to file an amended complaint to attempt to cure this defect.

D

Rosado claims that Defendant Boyle's failure to issue a citation violated his rights under the Sixth and Seventh Amendments because he had no means to contest the seizure of his car. While for purposes of § 1915 screening Rosado's allegations plausibly assert a Fourth Amendment illegal seizure claim and a Fifth Amendment due process violation (by way of the Fourteenth Amendment), the Sixth Amendment right to jury trial in criminal cases and the Seventh Amendment right to a jury trial in civil cases do not apply here. *See e.g., Lewis v. United States*, 518 U.S. 322, 325 (1996) ("It is well-established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses, and that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision."); *Curtis v. Loether*, 415 U.S. 189, 193 (1974) (holding that the Seventh Amendment right to trial in civil cases was only "preserved" to the extent it existed at common law when the Amendment was ratified in 1791); *Galloway v. United States*, 319 U.S. 372, 392 (1943) ("the [Seventh] Amendment was designed to preserve the basic institution of jury trial in only its most fundamental elements"). Because Rosado was not exposed to criminal liability and there was no right to a jury trial for traffic code violations in 1791, these claims are dismissed with prejudice.

E

Although Rosado cites the Eighth, Ninth and Tenth Amendments (*see* ECF No. 2 at 21), he states no plausible basis for liability against any named Defendant for violation of these provisions. Nor can the Court discern any plausible basis so as to permit Rosado the opportunity to amend his pleading.[2] Accordingly, because such claims are futile they will be dismissed with prejudice under § 1915(e)(2)(B)(ii).

F

Finally, Rosado alleges state law claims of fraud, forgery, fraudulent practices, and theft against the Doe Defendants. Specifically, he asserts Dawn Doe and Jane/John Doe refused to release the vehicle until Rosado paid the full amount of the storage fee. (ECF No. 2 at 12-13.) He also asserts in a conclusory manner that they conspired with Boyle to commit honest services fraud, and he cites Pennsylvania's criminal statues defining forgery, fraudulent destruction, tampering with records, and securing execution of documents by deception. (ECF No. 2 at 21-22 (citing 18 Pa. C.S. §§ 4102, 4103, 4104, 4114.)) For his theft claim, he cites the criminal statute defining theft. (*Id.* at 23 (citing 18 Pa. C.S. 3901)).

Rosado's conclusory allegations and citations to criminal statutes are insufficient to allege plausible state law claims. Also, these allegations fail to satisfy the requirements of Rule 8 because Rosado has failed to provide the Doe Defendants with enough information to put them on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue. To succeed in a

---

[2] Although Rosado asserts the vehicle storage fees charged by the Doe Defendants are excessive, they do not constitute a "fine" or "bail" as those terms are used in the Eighth Amendment. There is also no allegation that the storage fees were imposed by a court and there are no other allegations pertinent to these Amendments.

civil fraud case under Pennsylvania law, a plaintiff must establish the following elements: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gruenwald v. Advanced Computer Applications, Inc,*, 730 A.2d 1004, 1014 (Pa. Super. Ct. 1999) (citing *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994)). Because Rosado has failed to allege a plausible fraud claim, the state law claims against the Doe Defendants will be dismissed, with leave granted to Rosado to file an amended complaint if he is able to cure the defects identified by the Court.

IV

For the reasons stated, the following claims are dismissed with prejudice: (1) all claims against Ms. J; (2) the federal mail fraud claim against the Doe Defendants; and (3) all claims under the Sixth, Seventh, Eighth, Ninth, and Tenth Amendments. The following claims are dismissed without prejudice: (1) all claims against the City of Coatesville; (2) all state law claims against the Doe Defendants. The Fourth and Fifth Amendment claims against Defendant Boyle, construed as asserting Fourteenth Amendment due process claims under § 1983, pass § 1915 screening. Rosado is granted leave to file an amended complaint, limited to the claims dismissed without prejudice as provided in the accompanying Order. The Court will defer service of the Complaint pending Rosado's decision to file an amended complaint. Should he choose not to do so, the case will proceed on the § 1983 Fourteenth Amendment due process claims, and the Complaint will be served on Defendant Boyle only.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**