# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERONIMO F. ROSADO, JR., *Plaintiff,* v. CITY OF COATESVILLE *et al.*, *Defendants.* | CIVIL ACTION NO. 19-02426 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　March 30, 2020

## MEMORANDUM

*Pro se* Plaintiff Geronimo F. Rosado, Jr. filed this lawsuit against the City of Coatesville, Coatesville Police Corporal B. Boyle, Ken's Towing and its employee Dawn Doe. Ken's Towing filed a Motion to Dismiss (ECF No. 14), as did the City of Coatesville and Corporal Boyle (ECF No. 16). For the reasons that follow, the Court grants Ken's Towing's Motion and grants in part and denies in part the City of Coatesville and Corporal Boyle's Motion.

### I

The Court has previously detailed the case's factual background. *See* (Mem. Op. ECF No. 4). In short, Rosado alleges that Defendants violated his civil rights after Corporal Boyle determined his car was abandoned and directed Ken's Towing to tow and store the vehicle. *See generally* (Am. Compl., ECF No. 6).[1] After the Court dismissed Rosado's initial Complaint without prejudice to amend some of his claims, he filed an Amended Complaint. (ECF No. 6.) During an initial screening of the Amended

---

[1] Citations to Rosado's Amended Complaint refer to page numbers using the ECF pagination system.

1

Complaint, the Court dismissed with prejudice Counts Four, Five and Seven pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Order, ECF No. 7.) The Court then directed service of the Amended Complaint on the Defendants, who then filed their Motions to Dismiss.

II

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* As Rosado is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Rosado's Amended Complaint is long-winded and at times is incoherent and difficult to digest. He references several constitutional provisions and federal statutes throughout, and the Court liberally construes the pleading to be asserting federal claims in the following three categories: Rosado first brings constitutional claims against Defendants under 42 U.S.C. § 1983. Second, he alleges that Corporal Boyle and Ken's Towing engaged in a conspiracy to violate his civil rights in violation of § 1983 and § 1985(3). Finally, Rosado contends that Defendants violated 18 U.S.C. § 241 and § 242.[2]

A

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a person deprived him of a right secured by the Constitution, and (2) the person violating that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] In Counts III and VI, Rosado alleges that Defendants violated 18 U.S.C. § 241 and § 242. These claims fail as a matter of law and have already been dismissed with prejudice. *See* (ECF No. 7). Sections 241 and 242 are civil rights–related criminal conspiracy statutes for which there is no private cause of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("We agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action.") (citing *United States v. City of Philadelphia*, 644 F.2d 187, 199 (3d Cir. 1980)).

Rosado alleges that the City of Coatesville's policies and customs denied him the right to due process of law under the Fourteenth Amendment. (Am. Compl. 13–15.) To state a § 1983 claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (explaining allegation that City has a "policy of ignoring First Amendment right[s]" was insufficient to state a claim). "'Policy is made when a decision maker posess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). On the other hand, custom is "proven by showing that a given course of conduct, although not officially endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A custom may serve as the proximate cause of an injury if the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alternations omitted.)

Rosado's claim against the City of Coatesville fails because he does not identify a policy or custom. Although Rosado sprinkles his Amended Complaint with references

to the City's policies and customs of "misrepresenting Legislative General Orders" as violations of his Fourth and Fourteenth Amendment rights, he does not identify an actual municipal policy, which is necessary to plead a *Monell* claim. *See* (Am. Compl. 13–15.) Nor does he allege that the City's practice of misrepresenting state law is so well-settled within the municipality as to constitute law. To the extent Rosado seeks to hold the City liable for any of Corporal Boyle's alleged misrepresentations of state law, that argument also fails; the Supreme Court has consistently rejected holding municipalities liable under the theory of *respondeat superior*. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

2

Rosado next brings several constitutional claims against Corporal Boyle, which the Court interprets as allegations that Corporal Boyle denied him the right to equal protection and due process of law under the Fourteenth Amendment and violated his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments. *See* (Am. Compl. 13–18).

a

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim under § 1983, the plaintiff must allege that (1) he is a member of a protected class and (2) he received different treatment than that received by other similarly situated individuals. *See Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992). Rosado has alleged neither. He does not claim that he is a member of a protected class or, that as a

member, he received differential treatment from Corporal Boyle in the towing of his vehicle.

b

The Due Process Clause of the Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Court interprets Rosado's Amended Complaint to allege a procedural due process violation.[3] To establish such a claim, Rosado must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 255, 234 (3d Cir. 2006) (quotation marks and citation omitted). "A fundamental requirement of due process is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008). A state provides adequate procedural due process "when it provides reasonable remedies to rectify a legal error by a local administrative body." *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 597 (3d Cir. 1995), *abrogated on other grounds*, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).

---

[3] To the extent Rosado alleges a substantive due process violation, that claim fails. "Substantive due process is a doctrine reserved for egregious official conduct that trenches upon the most fundamental civil liberties." *Armbruster v. Cavanaugh*, 410 F. App'x 564, 567 (3d Cir. 2011) (unpublished). Although individuals enjoy a substantive property interest in real property ownership, the Third Circuit has not extended this right to the ownership of other personal property, such as vehicles. *See Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018) ("The only protected property interests we have thus far deemed fundamental involved ownership of real property.").

6

Rosado alleges a constitutionally cognizable property interest in his vehicle. *See Ingraham v. Wright*, 430 U.S. 651 (1977). While it is also clear from his allegations that he was provided no predeprivation notice or hearing, the Court interprets the Amended Complaint to allege that his due process rights were violated as the result of being denied a postdeprivation hearing.

Pennsylvania law requires police officers to process all vehicles presumed to be abandoned. 75 Pa. Con. Stat. § 7303.1(a). A vehicle is presumed abandoned if it is left unattended on or along a highway or other public property for more than 48 hours and does not bear a valid registration plate, a current certificate of inspection, and an ascertainable vehicle identification number. *Id.* § 102(1)(iii). Rosado concedes in his Amended Complaint that on April 24, 2019—the date his car was towed—his registration was expired. (Am. Compl. 5.)

After a vehicle is towed but before it is finally declared abandoned, Pennsylvania law requires that the vehicle owner be notified of his right to a hearing. 75 Pa. Cons. Stat. § 7305(b)(5); *Barshinger v. Buffington*, 2004 WL 3607974, at *10 n.4 (M.D. Pa. June 10, 2004). Police officers shall process all vehicles presumed to be abandoned and complete an abandoned vehicle information report. 75 Pa. Cons. Stat. § 7301.1. That report serves as an authorized request for a licensed salvor to remove, possess and process the abandoned vehicle. *Id.* Once a salvor takes possession of the abandoned vehicle, it must send an abandoned vehicle information report to the Department of Transportation. *Id.* § 7304. From there, the Department of Transportation must notify the last known registered owner and any lienholders that the vehicle is being held as abandoned, and must inform the owner of his rights (1) to reclaim the vehicle within

7

thirty days from the date the notice was mailed (upon payment of all towing and storage fees), (2) to request a copy of the abandoned vehicle information report from the police department, and (3) to a hearing before a civilian officer or municipal employee to contest the status of the vehicle as abandoned within that thirty-day period. *Id.* § 7305.

Rosado's Amended Complaint alleges that after his vehicle was towed, he received a notice from the Coatesville Police Department signed by Corporal Boyle indicating that his car was towed as an abandoned vehicle and that it was located at Ken's Towing. (Am. Compl. 7; *see* Ex. A ("Letter"), ECF No. 6-1, at 3.) After receiving the letter, Rosado alleges that he reported to the police station and spoke to Corporal Boyle about obtaining the police report and contesting the status of his car at an impoundment hearing. (Am. Compl. 9.) According to Rosado, Corporal Boyle responded: "You're 'Not entitled' to that information, nor a 'hearing' submit a right to know request! To the right to know office in Harrisburg! And obtain a copy of the report!" (*Id.*) The Amended Complaint sufficiently alleges that Corporal Boyle denied Rosado his right under 75 Pa. Con. Stat. § 7305 to a copy of the police report and to an impoundment hearing. Rosado has accordingly alleged enough plausible facts to state a claim against Corporal Boyle for a violation of his right to procedural due process.[4]

---

[4] Corporal Boyle argues that the due process claim should nonetheless be dismissed on the basis of qualified immunity. Defendants have the burden of establishing qualified immunity. *Reedy v. Evanson*, 615 F.3d 197, 223 (3d Cir. 2010). Qualified immunity protects state actors who have committed constitutional violations if the plaintiff's rights were not "clearly established" at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). As the Third Circuit Court of Appeals has noted, "the importance of resolving qualified immunity questions early 'is in tension with the reality that factual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established constitutional right." *Phillips v. County of Allegheny*, 515 F.3d 224, 242 n.7 (3d Cir. 2008) (citing *Curley v. Klem*, 298 F.3d 271, 277–78 (3d Cir. 2002)). Corporal Boyle argues that "it would not be clear to an Officer" in his position that he had violated Rosado's right to a postdeprivation hearing. *See* (Motion to Dismiss 17, ECF No. 16). The Court cannot say at this stage that reasonable officials in the Defendant's position could have

c

Rosado's next allegation contends that Corporal Boyle's towing and impoundment of his vehicle constituted an unlawful seizure under the Fourth Amendment. "The impoundment of an automobile is a Fourth Amendment seizure." *Draper v. Upper Darby Twp. Police Dep't*, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012). "Police, may, however, exercise discretion to impound a vehicle [without a warrant] so long as that discretion is exercised according to standard criteria." *Id.* (citing *Colorado v. Bertine*, 479 U.S. 367, 375 (1987)). The crux of whether the Fourth Amendment was violated depends on the objective reasonableness of the seizure. *See United States v. Smith*, 522 F.3d 305, 312 (3d Cir. 2008).

As previously mentioned, a vehicle is presumed abandoned if it is left unattended on a highway or other public property for more than 48 hours and does not bear a valid registration plate, a current certificate of inspection, and an ascertainable vehicle identification number. 75 Pa. Con. Stat. § 102(1)(iii). As alleged in the Amended Complaint, Corporal Boyle ordered the vehicle towed because it appeared abandoned, and Rosado concedes that his vehicle registration was expired. (Am. Compl. 5.) Rosado alleges no facts suggesting that the seizure was unreasonable, and the Court accordingly dismisses this claim.

3

Turning next to Ken's Towing, the Court understands Rosado to allege that the towing company also violated his Fourteenth Amendment equal protection and due process rights and his Fourth Amendment right to be free from unreasonable search

---

believed that their conduct was lawful. The Court declines to address the qualified immunity argument but will allow Corporal Boyle to raise this argument at a later stage.

and seizure. *See* (Am. Compl. 17–18). Ken's Towing argues that any constitutional claims alleged against it must be dismissed because the company is not a "state actor." (Mot. to Dismiss 8–9, ECF No. 14-3.)

a

A private entity may be classified as a state actor in limited circumstances. "To answer that question, [the Third Circuit has] "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

While Rosado does not specifically allege that Ken's Towing is a "state actor" for purposes of § 1983, a liberal reading of the Amended Complaint indicates that Rosado claims that Ken's Towing's work is intertwined with Corporal Boyle and the City. For now, Rosado has alleged enough facts to potentially establish that Ken's Towing and Corporal Boyle jointly participated in the towing and impoundment of Rosado's vehicle, possibly making the towing company a state actor. (Am. Compl. 8–9.) *See, e.g.*, *Orkowski v. McCauley*, 2019 WL 2246781, at *4 (E.D. Pa. May 22, 2019) (permitting § 1983 claim to proceed against towing company based on allegations that company acted with township officials to unlawfully seize property); *Foster v. City of Philadelphia*, 2014 WL 5821278, at *22 (E.D. Pa. Nov. 10, 2014) ("[Towing company] is

a state actor for § 1983 purposes by virtue of maintaining an ongoing salvor relationship and contract with the City of Philadelphia.").

b

Rosado's allegations that Ken's Towing violated his rights under the Fourteenth Amendment's Equal Protection Clause and the Fourth Amendment's right to be free from unreasonable searches and seizures fail for the same reason as those claims with respect to Corporal Boyle. *See supra* Section III.A.2.a, c. Rosado also asserts a § 1983 due process claim against Ken's Towing and employee Doe in connection with their refusal to release Rosado's car before he paid all applicable fees.[5] As stated previously, procedural due process requires that states provide adequate procedures for challenging the deprivation of a protected property interest. *See DeBlasio*, 53 F.3d at 597.

The Court understands Rosado's argument against Ken's Towing to be that he should not have been required to pay the $1200 fee to retrieve his vehicle, and he cites to "2012 Act 110(g)" to support his claim.[6] (Am. Compl. 17–18.) Pennsylvania law provides Rosado with an adequate postdeprivation remedy, including providing notice that his vehicle was towed, an opportunity to retrieve the vehicle (provided that he pay the towing and storage fees), and an opportunity to request a hearing to challenge the determination that his vehicle was abandoned. *See* 75 Pa. Con. Stat. § 7305(b). Ken's

---

[5] To the extent the due process claim against Ken's Towing is also one for substantive due process, it fails for the same reasons as explained against Corporal Boyle. *See supra* note 3.

[6] 2012 Act 110(g) refers to 2012 Pa. Laws 990, No. 110, § 3(g), which states that "[u]nless law enforcement has requested that a vehicle be held, a tow truck operator or towing storage facility shall not charge a storage fee for any period during which it has refused reasonable access during posted normal business hours." 73 P.S. § 1971.3(g). Pennsylvania law, however, requires that owners reclaiming their abandoned vehicles "pay the costs for towing and storage from the date the salvor submitted the abandoned vehicle report." 75 Pa. Con. Stat. § 7306.

Towing's alleged refusal to return to Rosado his vehicle unless he paid the $1200 fee does not alone state a claim for procedural due process. And to the extent he alleges he was deprived of a hearing to contest the status of his vehicle, Rosado has only alleged that Corporal Boyle—not Ken's Towing—denied him that opportunity. The due process claim against Ken's Towing accordingly fails.

B

The next set of claims the Court believes Rosado raises are civil rights conspiracy claims. Specifically, Rosado alleges that Corporal Boyle and an employee of Ken's Towing engaged in a conspiracy to violate his constitutional rights. (Am. Compl. 15–16.) His Amended Complaint does not specify a cause of action for his conspiracy claim, so the Court reviews it under both 42 U.S.C. § 1983 and § 1985(3). A § 1983 conspiracy exists when two or more conspirators agree to deprive a plaintiff of a constitutional right under color of law. *Abbot v. Latshaw*, 164 F.3d 141, 147–48 (3d Cir. 1998). To state a claim for conspiracy under § 1983, the plaintiff must establish both (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009). The plaintiff must allege that there was an agreement or meeting of the minds to violate his constitutional rights. *Id.* (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)).

Rosado fails to plead his § 1983 conspiracy claim with sufficient specificity to survive a motion to dismiss. Specific allegations of an agreement to carry out the unlawful actions are necessary to state a conspiracy claim. *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 648 (E.D. Pa. 2014). Rosado refers to Defendants

12

entering into a conspiracy generally, and the only specific agreement he alleges—that Corporal Boyle and Ken's Towing agreed to place Rosado on a payment plan for reclaiming his vehicle—was not in furtherance of denying him his civil rights. *See* (Am. Compl. 8–9.) Indeed, the Amended Complaint does not allege that Corporal Boyle and Ken's Towing conspired to deny Rosado a postdeprivation hearing.

To state a claim under § 1985(3), the plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983). The purpose of §1985(3), however, is not to provide a federal remedy for all conspiracies that interfere with a plaintiff's federal rights. Rather, the claimant must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim for relief. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Because Rosado alleges no facts suggesting that any action taken against him was on account of his membership in a protected class, the § 1985(c) claim must also fail.

IV

Courts may grant leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019) (citing 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1474 (3d ed. 2019)). Rosado has already been

13

given leave to amend his complaint once, and the Court finds that any additional amendments would be futile. Except for the procedural due process claim against Corporal Boyle, his federal claims are accordingly dismissed with prejudice.

V

Rosado's federal claims are the basis of this Court's jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(2), the Court has discretion to decline to exercise supplemental jurisdiction over state law claims if they "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." A court may find substantial predomination "in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Section 1367(c)(2) may be invoked when "permitting litigation of all claims in the district court can be accurately described as allowing a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).

Although the claims share a common nucleus, Rosado's state law claims predominate over the sole remaining federal claim.[7] Evidence relating to the due process claim will be minimal, focused on the process afforded to Rosado in challenging the status of his car. In contrast, the state law claims require proof of various elements under Pennsylvania's statutory and common law that are unrelated to the due process claim. Maintaining the state law claims would also expand the scope of the litigation to

---

[7] By the Court's reading, Rosado brings state law claims against all three Defendants for common law fraud, theft of trade secrets, civil extortion, intentional infliction of emotional distress, intrusion upon seclusion, trespass to property, and violations of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *See generally* (Am. Compl.).

14

involve two defendants against whom there are now no federal claims—the City of Coatesville and Ken's Towing. As a result of the differing requirements of proof and scope of the inquiries, the state law claims would predominate over the lone federal claim. Rosado will not be unduly prejudiced because his claims may be heard in state court. The Court accordingly declines to exercise jurisdiction over the remaining state law claims and dismisses them without prejudice.

     An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.